ACCEPTED
03-15-00276-CV
8121343
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/7/2015 3:29:57 PM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-15-00276-CV

_____

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
12/8/2015 4:37:57 PM
JEFFREY D. KYLE
Clerk

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN DIVISION

_____


IN THE MATTER OF C.P.            §


_____


APPELLANT'S AMENDED BRIEF

_____




Justin Bradford Smith
Texas Bar No. 24072348
Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email:  justin@templelawoffice.com

ATTORNEY FOR APPELLANT




ORAL ARGUMENT NOT REQUESTED

1

# IDENTITY OF PARTIES AND COUNSEL

**Appellant**
> C.P.

**Appellant's Counsel**
> Justin Bradford Smith
> Harrell, Stoebner, & Russell, P.C.
> 2106 Bird Creek Drive
> Temple, Texas 76502
> Phone: 254-771-1855
> FAX:   254-771-2082
> Email: justin@templelawoffice.com

**Appellant's Trial Counsel**
> Blas J. Coy, Jr.
> 807 Pecan Street
> Bastrop, Texas 78602
> Phone:  512-303-6963
> FAX: (512) 303-6766
> E-MAIL: bjcoy@coylaw.net

**Appellee**
> The State of Texas

**Appellee's Trial Counsel**
> Bastrop County District Attorney
> Kirsten Ruehman
> 804 Pecan Street
> Bastrop, TX 78602
> Phone: 512-581-7125
> Fax: 512-581-7133
> Email:  kirsten.ruehman@co.bastrop.tx.us

**Appellee's Appellate Counsel**
> Greg Gilleland and Kirsten Ruehman
> Bastrop County Assistant District Attorney
> Address, Phone, and Fax Same As Above
> Email:  greg.gilleland@co.bastrop.tx.us
> Email:  kirsten.ruehman@co.bastrop.tx.us

# TABLE OF CONTENTS

Identity of Parties and Counsel…………………..…………………………... 2

Table of Contents…………………………………………………………..3-4

Index of Authorities………………………………………………………..5-6

Statement of the Case………………………………………………………...7

Statement Regarding Oral Argument…………………………………………7

Issue Presented………………..………....………………….………………....7

ISSUE ONE:   The juvenile court lacked personal jurisdiction over
Appellant because the record does not affirmatively
show that at least one of his parents, his guardian, or
his custodian was served with summons with the
original petition attached, nor does the record show
waiver pursuant to Texas Family Code Section 53.06(e)…...7

Statement of Facts………………………………….…………………………..8-12

Summary of the Argument…………………………….……………………...12-14

ISSUE ONE:   The juvenile court lacked personal jurisdiction over
Appellant because the record does not affirmatively
show that at least one of his parents, his guardian, or
his custodian was served with summons with the
original petition attached, nor does the record show
waiver pursuant to Texas Family Code Section 53.06(e)….12

Argument………………………………………………………….........15-27

Law…………………………………………………………….................15-16

Application…………………………………………………………...16-26

1. Neither Appellant's father nor Kathy Brown were served with the summons and the original petition, nor did they waive service…………………………………………………………16-17

2. The record does not affirmatively show that Camilla Brown Lawrence is Appellant's mother, guardian, or custodian…..............17-22

3. The record does not contain a statutory waiver of service by anyone who could be Appellant's mother, guardian, or custodian……………………………………………………….22-26

Conclusion……………………………………………………………..26-27

Prayer……………….……………………………………………..........27

Certificate of Compliance…………………………………………….....27

Certificate of Service………………………………………………...28

Appendix………………………………………………………………….29

4

# INDEX OF AUTHORITIES

**Texas Supreme Court:**

*Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656
(Tex. 1995)…………………………………………………..…………19, 22, n.9

**Court of Criminal Appeals:**

*Johnson v. State*, 72 S.W.3d 346
(Tex. Crim. App. 2002)………………………………………19-20, 24-25

**Texas Courts of Appeals:**

*Barker CATV Const., Inc. v. Ampro, Inc.*, 989 S.W.2d 789
(Tex. App.—Houston [1st Dist.] 1999, no pet.)………..………………18-19

*Carlson v. State*, 151 S.W.3d 643
(Tex. App.—Eastland 2004, no pet.)………………………..15-16, 18-19, 22

*Garcia v. Gutierrez*, 697 S.W.2d 758
(Tex. App.—Corpus Christi 1985, no writ)…………………………..19, n. 9

*Graham v. McCord*, 384 S.W.2d 897
(Tex. Civ. App.—San Antonio 1964, no writ)…………………………..16

*In the Matter of Edwards*, 644 S.W.2d 815
(Tex. App.—Corpus Christi 1982, writ ref'd n.r.e.)……………………….15

*In the Matter of M.D.R.*, 113 S.W.3d 552
(Tex. App.—Texarkana 2003, no pet.)…………………………...15, 18

*In the Matter of X.B.*, 369 S.W.3d 350
(Tex. App.—Texarkana 2012, no pet.)………………………16, 18-19, 22

*In re G.A.T.*, 16 S.W.3d 818
(Tex. App.—Houston [14th Dist.] 2000, pet. denied)…………………15, 23

*McEntire v. McEntire*, 706 S.W.2d 347
(Tex. App.—San Antonio 1986, writ dism'd)……………………..25

*Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287
  (Tex. App.—Waco 2014, no pet.)………………………………..18-19, 22

*Medeles v. Nunez*, 923 S.W.2d 659
  (Tex. App.—Houston [1st Dist.] 1996, writ denied)………………18-19, 22

*Seals v. Upper Trinity Reg'l Water Dist.*, 145 S.W.3d 291
  (Tex. App.—Fort Worth 2004, pet. dism'd)……………………………25-26

*Smith v. Amarillo Hosp. Dist.*, 672 S.W.2d 615
  (Tex. App.—Amarillo 1984, no writ)………………………………………...23

*State v. C.J.F.*, 183 S.W.3d 841
  (Tex. App.—Houston [1st Dist.] 2005, pet. denied)…………………...15, 23

*Wilson v. Newton County*, 269 S.W. 227
  (Tex. Civ. App.—Beaumont 1925, no writ)……………………………16-17

**Constitutions/Statutes/Rules**

Tex. Fam. Code § 51.02(3)………………………………………………19, 21, n. 9

Tex. Fam. Code § 51.02(4)………………………………………………19, 21, n. 9

Tex. Fam. Code § 51.17(a)…………………………………………17-18, 22, 25

Tex. Fam. Code § 53.06(a)(2)………………………………………………...15, 23

Tex. Fam. Code § 53.06(e)…………………………7, 12, 14-15, 22-24, 26

Tex. R. Civ. P. 106(b)(1)………………………………………………………17

## STATEMENT OF THE CASE

Nature of the Case:    This is a juvenile appeal from an order modifying Appellant's disposition.  (VIII R.R. at 44) (I C.R. at 62-65).

Judge/Court:    Judge Benton Eskew, County Court at Law, Sitting as the Juvenile Court  (I C.R. at 62).

Pleas:    Not true.  (VII R.R. at 8).

Trial Court Disposition:    The trial judge revoked Appellant's probation and committed him to the Texas Juvenile Justice Department for an indeterminate sentence.  (VIII R.R. at 44).

## STATEMENT REGARDING ORAL ARGUMENT

The precedents and the record are clear in this case, so Appellant does not request oral argument.   However, should the Court believe oral argument is necessary, Appellant's counsel will be ready to participate.

## ISSUE PRESENTED

ISSUE ONE:  The juvenile court lacked personal jurisdiction over Appellant because the record does not affirmatively show that at least one of his parents, his guardian, or his custodian was served with summons with the original petition attached, nor does the record show waiver pursuant to Texas Family Code Section 53.06(e).

7

# STATEMENT OF FACTS[1]

The State filed an original petition bringing two counts of delinquent conduct, and alleged that James Pertolanitz and Camilla Brown Lawrence are Appellant's parents. (I C.R. at 6-7). In the return attached to the summons (with the original petition attached) that was directed to Appellant, Camilla Brown Lawrence is served. (Appendix at Tab 1, 00007—00008).[2] In the return attached to the summons (with the original petition attached) that was directed to Camilla Brown Lawrence, Appellant is served at the same address. (Appendix at Tab 1, 00009—000010). There are various other summonses on file with the clerk, including ones to James Pertolanitz, but none of these show service on James Pertolanitz or Camilla Brown Lawrence. (Appendix at Tab 1, 000001—000026). There is a summons directed to James Pertolanitz with a return stating it was served on "James Pertolanitz c/o wife", and the summons and the return have notations indicating that James' wife was at the house. (Appendix, Tab 4, 000001—000002). The notations indicate the process server spoke with someone on the phone, but whether this was James or his wife is unclear. (Appendix, Tab 4, 000001—000002). However, the summons does not show personal service on

---

[1] Appellant does not challenge the sufficiency of the evidence to support the trial court's decision to modify his disposition, so only those facts necessary to resolve the jurisdictional question are presented here.
[2] Appellant has asked the clerk to supplement the record with the summonses and returns, but in the interim these are included in the Appendix.

8

James, and he did not appear in the case. (Appendix, Tab 4, 000001—000002) (Volumes 2-8 of the Reporter's Record) (I C.R. at 1-99).

The trial court's Nunc Pro Tunc Order Revoking Probation leading to the instant appeal "finds that Camilla (Blossom) Lawrence [is] the mother responsible for the support of [Appellant]." (I C.R. at 64) (Appendix at Tab 2, 000003—000005). Nowhere does the record show that Camilla Blossum Lawrence was served with summons, nor does the reporter's record show that she made a voluntary appearance in any hearing, (Volumes 2-8 of the Reporter's Record), nor does the clerk's record contain a written stipulation waiving service of summons. (I C.R. at 1-99). Likewise, the court's docket sheet does not contain any notation that any of Appellant's parents, guardian, or custodian were served, waived service, or appeared. (I C.R. at 96-97).

When the court originally adjudicated Appellant delinquent, the court signed an order reciting that Appellant was present with his attorney and Appellant's "mother, Camilla Brown Lawrence, also [was] present", and noted "all parties announced ready" as well as that "due notice had been served on all parties for the time required by law". (I C.R. at 11) (underlining in original) (Appendix at Tab 2, 000001). "Respondent's Plea of True, Waiver, Stipulation & Judicial Confession", which Appellant executed the same day as the adjudication hearing, contains a signature on the "Parent or Guardian of Child" blank, but that signature is not of

9

Camilla Brown Lawrence or Camilla Blossum Lawrence. (I C.R. at 10). The same holds true of the Conditions of Probation signed on June 14, 2012. (I C.R. at 17).[3] The record contains an Order of Probation stating that the "Court finds <u>Camilla Brown Lawrence</u> is the person responsible for supporting [Appellant]" and states she is responsible for supporting Appellant "while he resides at [a particular address]", but fails to find that this address, at which he was served, is the address at which he resided at that time. (I C.R. at 14) (underlining in original) (Appendix at Tab 1, 000009—000010). The Amended Order of Probation signed on October 9, 2012 also states Camilla Brown Lawrence is the person responsible for supporting Appellant and places Appellant on probation in her custody. (I C.R. at 24-25).

In the Amended Conditions of Probation signed on October 9, 2012, the signature blank for the "Parent/Guardian" contains a different signature than the previous parent/guardian signatures; this time, the signature is by "Blossom Brown Lawrence". (I C.R. at 28).[4] The Second Amended Conditions of Probation appears to be signed by "C. Blossom Brown Lawrence". (I C.R. at 31).[5] Again, in the Second Amended Order of Probation, Appellant is committed to the custody of "<u>Camilla Brown Lawrence</u>", who is found to be the person responsible for

---

[3] The paragraph above the signature recites that the "Conditions of Probation were read and explained to me and my child…." (I C.R. at 17).

[4] This signature is also preceded by a recitation that the conditions were "read and explained to me and my child". (I C.R. at 28); *see* n. 3, *supra*.

[5] This too contains the same recitation as in footnotes 3 and 4, *supra*.

supporting Appellant. (I C.R. at 32-33) (underlining in original). In the Third Amended Order of Probation for Residential Placement, the court found that "Blossom Lawrence" was the person responsible for supporting Appellant. (I C.R. at 39) (underlining in original). The Order Extending Disposition signed January 28, 2014 contains the signature of yet another person on the "Parent" blank. (I C.R. at 43). It is not clear who this person is because the handwriting is illegible: the first letter may be an "H" or a "K", and the rest is largely indecipherable. (I C.R. at 43). The Third Amended Conditions of Probation contain a signature on the "Parent/Guardian Signature" blank of what appears to be the same person, but it is likewise indecipherable. (I C.R. at 43).[6] The Third Amended Order of Probation for Residential Placement "finds that it is contrary to the child's welfare to continue to remain in the home of Kathy Brown" and has an "X" next to the blank reading "The parent/guardian/custodian fails to provide a safe home environment." (I C.R. at 45) (underlining in original).[7] The Agreed Amended Order of Probation for Residential Placement signed on January 26, 2015 "finds Camilla Lawrence is the person responsible for supporting [Appellant]." (I C.R. at

---

[6] As with the other similar blanks, this signature is also preceded by a recitation that the conditions were explained "to me and my child". (I C.R. at 43). *See*, n. 3, 4, and 5, *supra*.

[7] Service was attempted, and apparently completed, on Kathy Brown for the hearing on the State's original petition to modify set for October 28, 2014. (Appendix at Tab 1, 000015—000016). The summons, in addition to a stamp on the front saying "SERVED", contains handwritten notes that indicate failed service attempts and a telephone conversation with Kathy as she was en route to court, while the return claims she was served. (Appendix at Tab 1, 000015). In any event, whoever Kathy Brown is, she was served, not with the Original Petition but with the Petition to Modify. (Appendix at Tab 1, 000015).

11

53) (underlining in original). The Order of Probation for Residential Placement states that the "court finds that it is contrary to the child's welfare to continue to remain in the home of <u>Camilla Lawrence</u>", and has an "X" next to the blank reading "The parent/guardian/custodian exhibits a pattern of being unable to provide adequate supervision". (I C.R. at 55). The Order Extending Disposition signed on January 2, 2015 contains Camilla Blossom Lawrence's signature on the "Parent" blank. (I C.R. at 57). Likewise, the next page is signed by Camilla Blossom Lawrence on the blank "Parent/Guardian Signature". (I C.R. at 58).[8]

## SUMMARY OF THE ARGUMENT

ISSUE ONE: The juvenile court lacked personal jurisdiction over Appellant because the record does not affirmatively show that at least one of his parents, his guardian, or his custodian was served with summons with the original petition attached, nor does the record show waiver pursuant to Texas Family Code Section 53.06(e).

Unless the record affirmatively shows that at least one parent, guardian, or custodian of a juvenile is properly served with the summons and a copy of the original petition, or unless the record shows waiver pursuant to Texas Family Code Section 53.06(e), the juvenile court does not acquire jurisdiction, and the case must be reversed and remanded.

---

[8] As with the other similar blanks, this signature is also preceded by a recitation that the conditions were explained "to me and my child". (I C.R. at 43). *See*, n. 3, 4, 5, and 6, *supra*.

Here, the record does not affirmatively show service nor does it contain a statutory waiver. It is undisputed that Appellant's father, James Pertolanitz, was not personally served, nor did he appear or waive service. Service on his wife is ineffective because she is not his general agent and there is no showing that he made her his agent for service of process. Kathy Brown, if she was Appellant's guardian or custodian (or even mother), was apparently served with summons—but not with the summons that had the original petition attached, making this service ineffectual to confer jurisdiction.

There remains Camilla Brown Lawrence. While she was served, there is no clear indication that she is, in fact, Appellant's mother or guardian or custodian. In fact, service on her was defective because the summons was directed to Appellant, not her, and the record does not show that she answered or appeared, it is as if she suffered a default judgment. The order giving rise to this appeal finds that a different person is Appellant's mother. The original adjudication judgment does not actually find that Camilla Brown Lawrence is Appellant's mother, though it states she is, and in any event such a finding is contradicted by the later finding. The record contains six different signatures from persons purporting to be Appellant's parent or guardian, and the one from the hearing at which Camilla Brown Lawrence allegedly appeared is utterly unlike later signatures that might be from her. The record simply fails to show that Camilla Brown Lawrence is, in

13

fact, Appellant's mother, guardian, or custodian, and the court made, at best, contradictory findings regarding the same.

Neither does the record contain a waiver of service of summons pursuant to Section 53.06(e) of the Family Code. Such a waiver may only be by written stipulation or voluntary appearance at the hearing for which the summons was issued. None of the documents bearing the signature of any of the people who could be Appellant's parent, guardian, or custodian is a written stipulation of waiver of service. None of these writings can be voluntary appearances *at the hearing*—that is, in court—for which the summons was issued. None of the hearings in the reporter's record show Appellant's parent, guardian, or custodian appeared or were even present, and the recitation in the judgment of adjudication is therefore either false, or Camilla Brown Lawrence, whoever she is, did not "appear" as that term is understood in the law.

Because the record does not affirmatively show service of the summons of the original petition on the parent, guardian, or custodian of Appellant, and because the record does not contain a waiver of service of that summons, the case must be reversed and remanded.

# ARGUMENT

## Law

Texas Family Code § 53.06(a)(2) requires the juvenile court to direct the issuance of summons to "the child's parent, guardian, or custodian", and service upon either parent is sufficient. *In the Matter of Edwards*, 644 S.W.2d 815, 818 (Tex. App.—Corpus Christi 1982, writ ref'd n.r.e.). A party other than a child may waive service of summons, but only by "written stipulation or by voluntary appearance at the hearing." Tex. Fam. Code § 53.06(e).

Service of summons with the original petition is the act that confers jurisdiction on the juvenile court. *In re G.A.T.*, 16 S.W.3d 818, 823 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *State v. C.J.F.*, 183 S.W.3d 841, 851 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Likewise, where the record does not affirmatively show service of the summons and original petition on the parent or the juvenile, the juvenile court fails to acquire jurisdiction if it is the juvenile who is not served, *In the Matter of M.D.R.*, 113 S.W.3d 552, 553 (Tex. App.—Texarkana 2003, no pet.), and fails to acquire jurisdiction if it is the parent who is not served and the parent does not waive service pursuant to the statute. *Carlson v. State*, 151 S.W.3d 643, 645-646 (Tex. App.—Eastland 2004, no pet.); Tex. Fam. Code § 53.06(e). The juvenile court fails to acquire jurisdiction if the parent is not

served and does not waive service, even if the juvenile is properly served with summons and the original petition. *Carlson*, 151 S.W.3d at 645.

Failure to acquire jurisdiction over the case means the adjudication order is void and subject to collateral attack. *In the Matter of X.B.*, 369 S.W.3d 350, 352-354 (Tex. App.—Texarkana 2012, no pet.).

## Application

### 1. Neither Appellant's father nor Kathy Brown were served with the summons and the original petition, nor did they waive service

It is indisputable that James Pertolanitz, Appellant's alleged father, was not personally served with summons and the original petition, nor did he waive service by written stipulation or voluntary appearance at the adjudication hearing or any other hearing. (Appendix at Tab 1, 000001—000026; at Tab 4, 000001—000002) (Volumes 2-8 of the Reporter's Record) (I C.R. at 1-99). The record shows one summons directed to James that is served on his wife, (Appendix at Tab 4, 000001—000002), but this cannot substitute for personal service on James himself without some evidence that James' wife was his agent for service of process. *Graham v. McCord*, 384 S.W.2d 897, 898 (Tex. Civ. App.—San Antonio 1964, no writ) ("While a wife is not a general agent of her husband…a husband can make his wife his agent."); *Wilson v. Newton County*, 269 S.W. 227, 228 (Tex. Civ. App.—Beaumont 1925, no writ) ("Mrs. Wilson was a necessary party to the proceedings, and, such being true, the notice must have been served upon her

16

personally, and not by delivery to her husband."); *cf.* Tex. R. Civ. P. 106(b)(1) (substituted service "by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit" permitted only upon motion and affidavit showing, among other things, unsuccessful attempted service upon defendant himself) and Tex. Fam. Code § 51.17(a) (the Texas Rules of Civil Procedure, with exceptions not applicable here, "govern proceedings under this title"). Nothing shows that she was his agent—even if we assume the process server spoke to James on the phone, nothing shows James told the server his wife could accept service on his behalf.

It is also indisputable that, whoever Kathy Brown is, she was not served with summons and the original petition (Appendix at Tab 1, 000015—000016), nor did she waive service by written stipulation or voluntarily appear at the adjudication hearing or any other hearing. (Volumes 2-8 of the Reporter's Record) (I C.R. at 1-99). Finally, it is undisputable that Appellant was served with summons and the original petition, (Appendix at Tab 1, 000009—000010), although we might wonder about the effect of him being served with a summons directed to Camilla Brown Lawrence rather than to himself.

## 2. The record does not affirmatively show that Camilla Brown Lawrence is Appellant's mother, guardian, or custodian

So, unless Appellant's mother, guardian, or custodian was served with summons and the original petition (or waived service pursuant to the statute), the

17

juvenile court never acquired jurisdiction over his case, the original adjudication order and all subsequent orders are void, and the case must be remanded for a new trial. *Carlson*, 151 S.W.3d at 645-646; *In the Matter of X.B.*, 369 S.W.3d at 354-355. We know that Camilla Brown Lawrence was served with summons and the original petition, (Appendix at Tab 1, 000007—000008), but what we do not know, and what the record does not affirmatively show, is whether she is Appellant's mother, guardian, or custodian. *In the Matter of M.D.R.*, 113 S.W.3d at 553 (record must affirmatively show service of summons and original petition). Furthermore, because the summons with which she was served is directed to Appellant, "there can be no doubt that a complete discrepancy between the defendant listed in the petition and the entity or person that the citation is directed to is a defect in service," *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 290 (Tex. App.—Waco 2014, no pet.) (finding defective service for numerous reasons under Texas Rule of Civil Procedure in an appeal from a default judgment), Tex. Fam. Code § 51.17(a) (the Texas Rules of Civil Procedure, with exceptions not applicable here, "govern proceedings under this title"), *Medeles v. Nunez*, 923 S.W.2d 659, 662-663 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (finding various defects in service warranting reversal of default judgment, including omission of one letter from the defendant's last name) *overruled on other grounds by Barker CATV Const., Inc. v. Ampro, Inc.*, 989 S.W.2d 789 (Tex.

App.—Houston [1st Dist.] 1999, no pet.), so even if the record affirmatively showed she is Appellant's mother, service would still be defective and thus insufficient to confer jurisdiction.[9] *Carlson*, 151 S.W.3d at 645-646; *In the Matter of X.B.*, 369 S.W.3d at 354-355. *Midstate* and *Medeles* considered whether service was sufficient in view of default judgments; this case is analogous to a default judgment because, as will be shown below, neither Camilla Brown Lawrence nor anyone else but Appellant and his attorney, ever appeared. Thus, it is as if she suffered a default judgment.

The order giving rise to the instant appeal finds that a different person, Camilla Blossum Lawrence, is Appellant's mother. (I C.R. at 64). "We must presume that statement correct in the absence of direct proof of its falsity".

---

[9] For this reason too, even if the record showed that Camilla Brown Lawrence, although not Appellant's mother, was at least his "custodian" as that term is defined in the Family Code, *see* Tex. Fam. Code § 51.02(3) ("'Custodian' means the adult with whom the child resides"), service would still be defective and the juvenile court would not have acquired jurisdiction. But the record does not show, beyond the fact that Appellant and Camilla Brown Lawrence were served at the same address (both listed on the summons), that Appellant resided with her at the time he was served. (Appendix at Tab 1, 000007—000010); *see* (I C.R. at 14) (reciting that Camilla Brown Lawrence is responsible for supporting Appellant "while he resides at [a particular address]", but failing to find that this was his permanent residence or where he resided when he was served); *Garcia v. Gutierrez*, 697 S.W.2d 758, 760 (Tex. App.—Corpus Christi 1985, no writ) (service not limited to address listed in the citation, as defendant may be served wherever he may be found). The State's original petition alleges the same address for both (I C.R. at 7), but it is well-settled that, in general, pleadings, even if sworn to or verified, are not evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("pleadings are not competent evidence, even if sworn or verified."). Likewise, there is nothing in the record to show that she is Appellant's guardian, as that term is defined in the Family Code. Tex. Fam. Code § 51.02(4) ("'Guardian'" means the person who, under court order, is the guardian of the person of the child or the public or private agency with whom the child has been placed by a court.").

*Johnson v. State*, 72 S.W.3d 346, 349 (Tex. Crim. App. 2002) (judgment reciting the defendant "waived trial by jury"). But then, the original adjudication judgment stated (without directly finding) a contrary conclusion: Appellant's "mother, <u>Camilla Brown Lawrence</u>, also [was] present". (I C.R. at 11) (underlining in original). So, "must [we] presume that statement correct in the absence of direct proof of its falsity"? *Johnson*, 72 S.W.3d at 349. That same judgment recited that "due notice had been served on all parties for the time required by law". (I C.R. at 11). So, must we presume that statement correct? *Johnson*, 72 S.W.3d at 349. But, again, we have the later judgment finding a different person to be Appellant's mother. (I C.R. at 64); *Johnson*, 72 S.W.3d at 349. Not only that, but we have at least six other persons whose signatures purport to be that of Appellant's parent, and various persons listed as Appellant's parent, guardian, or custodian. (I C.R. at 10; 17; 28; 31; 41; 43; 57-58). And whether Camilla Brown Lawrence appeared at the original adjudication hearing or not, the signature of whoever signed the stipulations and waiver (which did not waive service) as Appellant's parent is wholly unlike any other signatures that might belong to Camilla Brown Lawrence. (I C.R. at 10 and 17 (June 14, 2012 signatures); 28; 31; 41; 43; 57-58). In short, the record does not affirmatively show that Camilla Brown Lawrence is Appellant's mother: to the contrary, the record contains what are, at best, directly contradictory findings by the trial court on this issue, and further reason to doubt

that Camilla Brown Lawrence is Appellant's mother since multiple people signed as his parent.

She cannot be Appellant's guardian because the record does not contain a court order stating as much, nor a court order placing Appellant with her before she was served with summons. Tex. Fam. Code § 51.02(4) ("'Guardian'" means the person who, under court order, is the guardian of the person of the child or the public or private agency with whom the child has been placed by a court."); *see* footnote 9, *supra*. Neither does the record affirmatively show that she is Appellant's custodian, as that term is defined in the Family Code. Tex. Fam. Code § 51.02(3) ("'Custodian' means the adult with whom the child resides"); *see* footnote 9, *supra*. The record shows that Appellant and Camilla Brown Lawrence were served at the same address (both listed on the summons), but it does not follow that Appellant resided with her at the time he was served. (Appendix at Tab 1, 000007—000010). While the Order of Probation of June 14, 2012 places Appellant "on probation in the custody of Camilla Brown Lawrence at [the same address at which they were served], this likewise is not a finding that Appellant resided with her at the time he was served. (I C.R. at 13-14) (reciting that Camilla Brown Lawrence is responsible for supporting Appellant "while he resides at [a particular address]", but failing to find that this was his permanent residence or where he resided when he was served). The State's original petition alleges the

21

same address for both (I C.R. at 7), but it is well-settled that, in general, pleadings, even if sworn to or verified, are not evidence. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995) ("pleadings are not competent evidence, even if sworn or verified."). Finally, even if the above were sufficient to show that Camilla Brown Lawrence, whatever else she might be, is at least Appellant's custodian, service on her was defective because the summons with which she was served was directed to Appellant, and thus this service was insufficient to confer jurisdiction. *Midstate Envtl. Servs.*, 435 S.W.3d at 290; Tex. Fam. Code § 51.17(a); *Medeles*, 923 S.W.2d at 662-663; *Carlson*, 151 S.W.3d at 645-646; *In the Matter of X.B.*, 369 S.W.3d at 354-355. As will be shown below, the record does not affirmatively show that Camilla Brown Lawrence appeared in the suit, so it is as if she suffered a default judgment.

### 3. The record does not contain a statutory waiver of service by anyone who could be Appellant's mother, guardian, or custodian

Neither does the record contain a waiver of service of summons of the original petition pursuant to Texas Family Code § 53.06(e) by anyone who could be Appellant's mother, guardian, or custodian. That statute allows a party other than a child to waive service by "written stipulation or by voluntary appearance *at the hearing*." Tex. Fam. Code § 53.06(e) (emphasis added).

The only summonses containing the original petition were those issued for the original adjudication hearing in June 2012. (Appendix at Tab 1, 000001—

000010).  The rest were for petitions to modify, (Appendix at Tab1, 000011—000026), so they, even if validly served on a proper person under Section 53.06(a)(2), would be insufficient to confer jurisdiction.  *In re G.A.T.*, 16 S.W.3d at 823; *State v. C.J.F.*, 183 S.W.3d at 851.

None of the documents signed by anyone purporting to be Appellant's parent, guardian, or custodian are written stipulations of *waivers of service of summons of the original petition*.  Tex. Fam. Code § 53.06(e); (I C.R. at 10; 17; 28; 31; 41; 43; 57-58).  Neither, for that matter, are they waivers of service of anything at all.  (I C.R. at 10; 17; 28; 31; 41; 43; 57-58).  As such, they do not constitute waivers of service by written stipulation.  Tex. Fam. Code § 53.06(e).  And even if they were, none of these documents contain findings by the court that whoever these persons are who are signing the documents are in fact Appellant's mother, guardian, or custodian.

Likewise, the record does not show waiver by voluntary appearance *at the hearing for which the summons with the original petition was issued*.  The reporter's record, in fact, is devoid of the appearance, or even presence, of anyone on Appellant's "side" except Appellant and his counsel.  (Volumes 2-8 of the Reporter's Record).  In particular, the arraignment and plea hearing do not show the appearance or presence of anyone for Appellant other than Appellant and his counsel. (Volumes 2 and 3 of the Reporter's Record).

Now, the judgment adjudicating guilt recites that Appellant's "mother, Camilla Brown Lawrence, also [was] present". (I C.R. at 11) (Appendix at Tab 2, 000001). But there are three reasons why this does not constitute a voluntary appearance at the hearing for which the summons with the original petition was issued.[10]

First, as shown above, the court made contradictory findings about who Appellant's mother is, and the record does not clearly show who his mother is. (I C.R. at 10; 11; 17; 28; 31; 41; 43; 57-58; 64) (Appendix at Tab 2). The court never found that she was his guardian or custodian either. So, it is not at all clear that, if Camilla Brown Lawrence did appear in court, she is Appellant's mother, guardian, or custodian. Tex. Fam. Code § 53.06(e).

Second, the judgment's recitation is contradicted by the record, and is therefore shown to be false. *Johnson*, 72 S.W.3d at 349. Not only is the reporter's record devoid of any indication of even the mere presence, much less the general appearance, of anyone other than Appellant and his counsel, (Volumes 2 and 3 of the Reporter's Record), but the docket sheet fails to show the appearance of Camilla Brown Lawrence or anyone else. Tex. R. Civ. P. 120 (defendant may enter his appearance in open court, and "[s]uch appearance shall be noted by the

---

[10] Of course, if the record affirmatively showed that Camilla Brown Lawrence was validly served and is Appellant's mother, guardian, or custodian, then whether she appeared or not would be immaterial. However, as argued above, the record affirmatively shows neither fact, so whether she appeared or not matters.

judge upon his docket and entered in the minutes, and shall have the same force and effect as if the citation had been duly issued and served as provided by law."); Tex. Fam. Code § 51.17(a) (the Texas Rules of Civil Procedure, with exceptions not applicable here, "govern proceedings under this title"); (I C.R. at 96-97). As such, the judgment's boilerplate recitation is false. *Johnson*, 72 S.W.3d at 349.

Third, the "mere presence of a party or his attorney in the courtroom at the time of a hearing or a trial, where neither participates in the prosecution or defense of the action, is not an appearance." *Smith v. Amarillo Hosp. Dist.*, 672 S.W.2d 615, 617 (Tex. App.—Amarillo 1984, no writ). Rather, "the party must seek a judgment or a decision by the court on some question." *Seals v. Upper Trinity Reg'l Water Dist.*, 145 S.W.3d 291, 296 (Tex. App.—Fort Worth 2004, pet. dism'd). In-court actions that constitute a general appearance include examining witnesses or offering testimony, *Id.* at 297, and even announcing "not ready". *McEntire v. McEntire*, 706 S.W.2d 347, 349 (Tex. App.—San Antonio 1986, writ dism'd) ("We are of the opinion that appellant, by showing up to announce that he was not ready, made his appearance to the court, and waived his complaint as to the lack of service."). "On the other hand, a party who is a silent figurehead in the courtroom, observing the proceedings without participating, has not" made an appearance. *Seals*, 145 S.W.3d at 297. Thus, in the absence of something more than a silent record, Camilla Brown Lawrence did not waive service by "voluntary

25

appearance at the hearing" held on the original petition. Tex. Fam. Code § 53.06(e).

While a "general appearance is normally in the form of an answer to the claims made in the suit", *Seals*, 145 S.W.3d at 296, the Family Code precludes the possibility of voluntarily appearing in a juvenile proceeding in writing unless the writing is a "written stipulation" waiving service. Tex. Fam. Code § 53.06(e). This is because the statute does not say "voluntary appearance" *simpliciter*, but rather, requires the voluntary appearance to be made "at the hearing", that is, in court. *Id.* Thus, any writings that are not "written stipulations" signed by anyone who could be a parent, guardian, or custodian do not constitute a "voluntary appearance at the hearing". *Id.* Hence, even if the Plea of True, Waiver, Stipulation & Judicial Confession is signed by Appellant's parent or guardian or custodian (it does not appear to be signed by Camilla Brown Lawrence, at any rate), it cannot constitute a voluntary appearance under the plain meaning of the statute. Tex. Fam. Code § 53.06(e) (I C.R. at 8-10).

## Conclusion

The record does not affirmatively show Appellant's parent, guardian, or custodian was served with summons and the original petition. Neither does the record affirmatively show a statutory waiver of service by his parent, guardian, or custodian. As such, the juvenile court failed to acquire jurisdiction, so the

adjudication order and all subsequent orders are void. Therefore, the case must be reversed and remanded.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant asks this Court to REVERSE and REMAND.

Respectfully submitted:

/s/ Justin Bradford Smith
Justin Bradford Smith
Texas Bar No. 24072348

Harrell, Stoebner, & Russell, P.C.
2106 Bird Creek Drive
Temple, Texas 76502
Phone: (254) 771-1855
FAX: (254) 771-2082
Email: justin@templelawoffice.com

ATTORNEY FOR APPELLANT

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Rule 9 of the Texas Rules of Appellate Procedure, Appellant's Brief contains 5,078 words, exclusive of the caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, and certificate of compliance.

/s/ Justin Bradford Smith
Justin Bradford Smith

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2015, a true and correct copy of Appellant's Amended Brief was forwarded to the counsel below by eservice:

Bastrop County District Attorney
Greg Gilleland
Kirsten Ruehman
804 Pecan Street
Bastrop, TX 78602
Phone: 512-581-7125
Fax: 512-581-7133
Email:  kirsten.ruehman@co.bastrop.tx.us
Email:  greg.gilleland@co.bastrop.tx.us

/s/  Justin Bradford Smith
Justin Bradford Smith

APPENDIX

## CAUSE NO. 03-15-00276-CV

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE JUVINILE |
| | § | |
| C.P., | § | COURT OF |
| | § | |
| A CHILD | § | BASTROP COUNTY, TX |

---

# INDEX

---

| Tab | |
|---|---|
| 1 | Summons and Returns |
| 2 | Judgements/ Orders |
| 3 | Texas Family Code 53.06 |
| 4 | Omitted Summons for James Pertolanitz |

# TAB 1
# (ONE)

# SUMMONS AND RETURNS

CAUSE NO. J-2790

IN THE MATTER OF       *    IN THE JUVENILE



             *    COURT OF

A CHILD          *    BASTROP COUNTY, TEXAS

SUMMONS AND NOTICE TO SHOW CAUSE

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the **June 05, 2012, at 8:30 o'clock A.M.**; THEN AND THERE to answer the allegations of the Original Petition/Motion to Transfer filed and attached hereto in which said child aforesaid

(X) is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
( ) is alleged to have violated the Court's considerations of Probation and
  this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
( ) to settle matters concerning an order of Restitution.
( ) to settle matters concerning Motion to Modify Disposition.
( ) to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU,       ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 16th day of May, 2012.

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

duly designated and sitting as a
Juvenile Court in said County.

**RETURN**

Came to hand the _____ day of _____, 20___; at _____ o'clock ___.M. and executed the _____ day of _____. 20___; at _____ o'clock ___.M. by delivered/mailing to the within named_____ at _____ in _____ County, Texas; in person, a true copy of this INSTRUMENT and tendering said witness the sum of $_____.FEES-SUMMONS....._____        _____

MILAGE(_____)_____        _____
                               TITLE

TOTAL...................... $_____

000002

CAUSE NO. J-2790

| IN THE MATTER OF | * | IN THE JUVENILE |
| | * | COURT OF |
| A CHILD | * | BASTROP COUNTY, TEXAS |

SUMMONS AND NOTICE TO SHOW CAUSE

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

JAMES PERTOLANITZ

TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the **June 05, 2012, at 8:30 o'clock A.M.**; THEN AND THERE to answer the allegations of the Original Petition/Motion to Transfer filed and attached hereto in which said child aforesaid

(X) is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
( ) is alleged to have violated the Court's considerations of Probation and
    this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
( ) to settle matters concerning an order of Restitution.
( ) to settle matters concerning Motion to Modify Disposition.
( ) to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU, JAMES PERTOLANITZ, ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 16th day of May, 2012.

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

duly designated and sitting as a
Juvenile Court in said County.

000003

## RETURN

Came to hand the _____ day of _____, 20___; at _____ o'clock ___.M. and executed the _____ day of _____. 20___; at _____ o'clock ___.M. by delivered/mailing to the within

named_____ at _____ in _____

County, Texas; in person, a true copy of this INSTRUMENT and tendering said witness the sum of

$_____.FEES-SUMMONS_____        _____

MILAGE(_____)_____        _____

TITLE


TOTAL......................... $_____

000004

CAUSE NO. J-2790

IN THE MATTER OF             *       IN THE JUVENILE

████████                      *       COURT OF

A CHILD                   *       BASTROP COUNTY, TEXAS

SUMMONS AND NOTICE TO SHOW CAUSE

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

CAMILLA BROWN LAWRENCE
████████████████
████████

TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the **June 05, 2012, at 8:30 o'clock A.M.**; THEN AND THERE to answer the allegations of the Original Petition/Motion to Transfer filed and attached hereto in which said child aforesaid

(X) is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
( ) is alleged to have violated the Court's considerations of Probation and
    this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
( ) to settle matters concerning an order of Restitution.
( ) to settle matters concerning Motion to Modify Disposition.
( ) to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU, CAMILLA BROWN LAWRENCE, ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 16th day of May, 2012.

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

_signature_

duly designated and sitting as a
Juvenile Court in said County.

000005

## RETURN

Came to hand the _____ day of _____, 20__ ; at _____ o'clock ___.M. and executed the _____ day of _____. 20__ ; at _____ o'clock ___.M. by delivered/mailing to the within named_____ at _____ in _____ County, Texas; in person, a true copy of this INSTRUMENT and tendering said witness the sum of $_____.FEES-SUMMONS....._____     _____
MILAGE(_____)_____     _____
                                TITLE

TOTAL.......................$_____

000006



CAUSE NO. J-2790

IN THE MATTER OF          *       IN THE JUVENILE

████████              *       COURT OF

A CHILD                *       BASTROP COUNTY, TEXAS

SUMMONS AND NOTICE TO SHOW CAUSE

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

████████████

TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the June 05, 2012, at 8:30 o'clock A.M.; THEN AND THERE to answer the allegations of the Original Petition/Motion to Transfer filed and attached hereto in which said child aforesaid

(X) is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
() is alleged to have violated the Court's considerations of Probation and
    this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
() to settle matters concerning an order of Restitution.
() to settle matters concerning Motion to Modify Disposition.
() to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU, ████████, ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 16th day of May, 2012.

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

_duly designated and sitting as a_
_Juvenile Court in said County._

FILED
DATE 5-25-12
Sarah Loucks
District Clerk, Bastrop County

000007

RETURN

Came to hand the ___18th___ day of ___May___, 201_2_ at _1025_ o'clock _A_.M. and executed the _22nd_ day of
___May___. 20_12_ at _725_ o'clock _P_.M. by delivered/mailing to the within
named ___Camilla Brown Lawrence___ at ████████████████ in ___Travis___
County, Texas; in person, a true copy of this INSTRUMENT and tendering said witness the sum of
$_____.FEES-SUMMONS.....
MILAGE(_____)_____           ___David Hill #529___
                    TITLE

TOTAL.....................$_____

Bruce Elfant
Constable Pct. 5
Travis County, Texas

EC
COMPLETED

RECEIVED
2012 MAY 18  AM 10: 25
CONSTABLE PRECINCT 5
TRAVIS COUNTY, TEXAS

000008

DWH/unain
OhJ

CAUSE NO. J-2790

| IN THE MATTER OF | * | IN THE JUVENILE |
|---|---|---|
| | * | COURT OF |
| A CHILD | * | BASTROP COUNTY, TEXAS |

SUMMONS AND NOTICE TO SHOW CAUSE

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

CAMILLA BROWN LAWRENCE

TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the **June 05, 2012, at 8:30 o'clock A.M.**; THEN AND THERE to answer the allegations of the Original Petition/Motion to Transfer filed and attached hereto in which said child aforesaid

(X) is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
() is alleged to have violated the Court's considerations of Probation and
   this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
() to settle matters concerning an order of Restitution.
() to settle matters concerning Motion to Modify Disposition.
() to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU, CAMILLA BROWN LAWRENCE, ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 16th day of May, 2012.

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

duly designated and sitting as a
Juvenile Court in said County.

FILED
DATE 5-25-12
Sarah Loucks
District Clerk, Bastrop County

000009

## RETURN

Came to hand the 18TH day of May, 2012 at 1024 o'clock A.M. and executed the 12th day of May, 2012 at 725 o'clock P.M. by delivered/mailing to the within named ████████ at ████████ in ████████ County, Texas; in person, a true copy of this INSTRUMENT and tendering said witness the sum of
$_____ .FEES-SUMMONS....._____

MILAGE(_____)_____

David Hill #529

TITLE

TOTAL..................$_____

Bruce Elfant
Constable Pct. 5
Travis County, Texas

COMPLETED

RECEIVED
2012 MAY 18 AM 10: 24
CONSTABLE PRECINCT 5
TRAVIS COUNTY, TEXAS

000010

CAUSE NO. J-2790

IN THE MATTER OF

<span style="color:black">████████████</span>

A CHILD

*

*

*

IN THE JUVENILE

COURT OF

BASTROP COUNTY, TEXAS

SUMMONS AND NOTICE TO SHOW CAUSE

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

KATHY BROWN
<span style="color:black">████████████</span>

TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the **October 28, 2014, at 8:30 o'clock A.M.; THEN AND THERE** to answer the allegations of the Petition to Modify filed and attached hereto in which said child aforesaid

() is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
() is alleged to have violated the Court's considerations of Probation and
    this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
() to settle matters concerning an order of Restitution.
(X) to settle matters concerning Motion to Modify Disposition.
() to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU, KATHY BROWN, ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 23rd day of October, 2014.

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

_____
duly designated and sitting as a
Juvenile Court in said County.

## RETURN

Came to hand the _____ day of _____, 20__; at _____ o'clock ___.M. and executed the _____ day of _____. 20__; at _____ o'clock ___.M. by delivered/mailing to the within named_____at _____in _____ .

County, Texas; in person,a true copy of this INSTRUMENT and tendering said witness the sum of $_____.FEES-SUMMONS....._____        _____

MILAGE(_____)_____

TITLE

TOTAL....................... $_____

000012

CAUSE NO. J-2790

IN THE MATTER OF             \*       IN THE JUVENILE



                              \*       COURT OF

A CHILD                       \*       BASTROP COUNTY, TEXAS

SUMMONS AND NOTICE TO SHOW CAUSE

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the **October 28, 2014, at 8:30 o'clock A.M.**; THEN AND THERE to answer the allegations of the Petition to Modify filed and attached hereto in which said child aforesaid

() is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
() is alleged to have violated the Court's considerations of Probation and
    this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
() to settle matters concerning an order of Restitution.
(X) to settle matters concerning Motion to Modify Disposition.
() to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU, ~~████████████~~ ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 23rd day of October, 2014.

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

_____
duly designated and sitting as a
Juvenile Court in said County.

Scanned

## RETURN

Came to hand the _____ day of _____, 20__ ; at _____ o'clock ___.M. and executed the _____ day of _____. 20__ ; at _____ o'clock ___.M. by delivered/mailing to the within

named_____ at _____in _____

County, Texas; in person,a true copy of this INSTRUMENT and tendering said witness the sum of

$_____.FEES-SUMMONS....._____      _____

MILAGE(_____)_____      _____

                        TITLE

TOTAL...................... $_____

000014

CAUSE NO. J-2790

IN THE MATTER OF &ast; IN THE JUVENILE



SERVED     COURT OF

A CHILD &ast; BASTROP COUNTY, TEXAS

SUMMONS AND NOTICE TO SHOW CAUSE

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

KATHY BROWN

███████████████

TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the **October 28, 2014, at 8:30 o'clock A.M.**; THEN AND THERE to answer the allegations of the Petition to Modify filed and attached hereto in which said child aforesaid

() is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
() is alleged to have violated the Court's considerations of Probation and
   this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
() to settle matters concerning an order of Restitution.
(X) to settle matters concerning Motion to Modify Disposition.
() to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU, KATHY BROWN, ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 23rd day of October, 2014.

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

_____
duly designated and sitting as a
Juvenile Court in said County.

Attempt 10-27-14 5:00 pm,
UTL 501 A
Located 510 A, No one at home, left card
10-28-14, Spoke w/ Kathy on her way to
CRT-

Filed _10ᵃᵐ_

OCT 28 2014

Sarah Loucks
District Clerk, Bastrop County

Pg 32   PC

000015

## RETURN

Came to hand the _24th_ day of _Oct_____, 20_14_, at _10:45_ o'clock _A_.M. and executed the _26th_ day of _Oct_____. 20_14_ at _8:30_ o'clock _A_.M. by delivered/mailing to the within

named _Kathi Brown_____ at ▓▓▓▓▓▓▓▓▓_____ in _Bastrop_____

County, Texas; in person, a true copy of this INSTRUMENT and tendering said witness the sum of

$_____.FEES-SUMMONS....._____      _Terry Pickerns_____

MILAGE(_____)_____       _Deputy D. Clark ▓_____

TITLE

TOTAL......................$_____

000016

CAUSE NO. J-2790

IN THE MATTER OF        \*        IN THE JUVENILE

████████████████       \*        COURT OF

A CHILD             \*        BASTROP COUNTY, TEXAS

SUMMONS AND NOTICE TO SHOW CAUSE

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:



TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the **October 28, 2014, at 8:30 o'clock A.M.**; THEN AND THERE to answer the allegations of the Petition to Modify filed and attached hereto in which said child aforesaid

() is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
() is alleged to have violated the Court's considerations of Probation and
    this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
() to settle matters concerning an order of Restitution.
(X) to settle matters concerning Motion to Modify Disposition.
() to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU, ██████████████████, ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 23rd day of October, 2014.

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

_____
duly designated and sitting as a
Juvenile Court in said County.

Filed_____ m

NOV 10 2014
Sarah Loucks
District Clerk, Bastrop County

## RETURN

Came to hand the _5_ day of _November_, 20_14_; at _8a_ o'clock _A._M. and executed the _____ day of
_____. 20 _; at _____ o'clock __.M. by delivered/mailing to the within
named___*_____ at _____ in _____
County, Texas; in person,a true copy of this INSTRUMENT and tendering said witness the sum of
$_____.FEES-SUMMONS....._____      _____
MILAGE(_____)_____      _____
                         TITLE

TOTAL.................... $_____

*  *Returned unexecuted -
Received after Court date.*

*Daniel Law, Sheriff
Caldwell County, Texas
By: Robert Zell
        Deputy*

Filed _8a_ m

NOV 10 2014

Sarah Loucks
District Clerk, Bastrop County

CAUSE NO. J-2790

IN THE MATTER OF                                                    *                    IN THE JUVENILE

█████████████                                                      *                    COURT OF

A CHILD                                                            *                    BASTROP COUNTY, TEXAS

SUMMONS AND NOTICE TO SHOW CAUSE

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

KATHY BROWN
████████████████

TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the April 21, 2015, at 8:30 o'clock A.M.; THEN AND THERE to answer the allegations of the Original Petition/Motion to Transfer filed and attached hereto in which said child aforesaid

( ) is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
( ) is alleged to have violated the Court's considerations of Probation and
      this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
( ) to settle matters concerning an order of Restitution.
(x) to settle matters concerning Motion to Modify Disposition.
( ) to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU, KATHY BROWN, ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 16th day of April, 2015.

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

_____
duly designated and sitting as a
Juvenile Court in said County.

**SCANNED**

000019

## RETURN

Came to hand the _____ day of _____, 20__ ; at _____ o'clock ___.M. and executed the _____ day of _____. 20__ ; at _____ o'clock ___.M. by delivered/mailing to the within

named_____at _____in _____
County, Texas; in person,a true copy of this INSTRUMENT and tendering said witness the sum of
$_____.FEES-SUMMONS....._____     _____
MILAGE(_____)_____     _____
                    TITLE

TOTAL......................$_____

000020

CAUSE NO. J-2790

IN THE MATTER OF        *        IN THE JUVENILE



                       *        COURT OF

A CHILD

                       *        BASTROP COUNTY, TEXAS

**SUMMONS AND NOTICE TO SHOW CAUSE**

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

CAMILLA BROWN LAWRENCE

TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the **April 21, 2015, at 8:30 o'clock A.M.; THEN AND THERE to** answer the allegations of the Original Petition/Motion to Transfer filed and attached hereto in which said child aforesaid

( ) is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
( ) is alleged to have violated the Court's considerations of Probation and
     this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
( ) to settle matters concerning an order of Restitution.
(x) to settle matters concerning Motion to Modify Disposition.
( ) to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU, CAMILLA BROWN LAWRENCE, ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 16th day of April, 2015.

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

_____
duly designated and sitting as a
Juvenile Court in said County.

**SCANNED**

_____

000021

RETURN

Came to hand the _____ day of _____, 20__; at _____o'clock __.M. and executed the _____day of _____. 20__; at _____o'clock __.M. by delivered/mailing to the within

named_____at _____in _____ County, Texas; in person,a true copy of this INSTRUMENT and tendering said witness the sum of

$_____.FEES-SUMMONS....._____     _____

MILAGE(_____)_____     _____
                        TITLE

TOTAL.....................$_____

000022

CAUSE NO. J-2790

| | | |
|---|---|---|
| IN THE MATTER OF | * | IN THE JUVENILE |
| ████████████ | * | COURT OF |
| A CHILD | * | BASTROP COUNTY, TEXAS |

SUMMONS AND NOTICE TO SHOW CAUSE

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

JAMES PERTOLANITZ
████████████████
███████████,

TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the April 21, 2015, at 8:30 o'clock A.M.; THEN AND THERE to answer the allegations of the Original Petition/Motion to Transfer filed and attached hereto in which said child aforesaid

() is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
() is alleged to have violated the Court's considerations of Probation and
   this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
() to settle matters concerning an order of Restitution.
(x) to settle matters concerning Motion to Modify Disposition.
() to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU, JAMES PERTOLANITZ, ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 16th day of April, 2015.

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

_____
duly designated and sitting as a
Juvenile Court in said County.

**SCANNED**

000023

## RETURN

Came to hand the _____ day of _____, 20__; at _____ o'clock ___.M. and executed the _____ day of _____. 20__; at _____ o'clock ___.M. by delivered/mailing to the within named_____at _____in _____ County, Texas; in person,a true copy of this INSTRUMENT and tendering said witness the sum of $_____.FEES-SUMMONS....._____   _____

MILAGE(_____)_____   _____
                        TITLE

TOTAL....................... $_____

000024

CAUSE NO. J-2790

IN THE MATTER OF              \*        IN THE JUVENILE

          \*        COURT OF

A CHILD                  \*       BASTROP COUNTY, TEXAS

SUMMONS AND NOTICE TO SHOW CAUSE

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

████████████

TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the **April 21, 2015,** at 8:30 o'clock A.M.; THEN AND THERE to answer the allegations of the Original Petition/Motion to Transfer filed and attached hereto in which said child aforesaid

() is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
() is alleged to have violated the Court's considerations of Probation and
    this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
() to settle matters concerning an order of Restitution.
(x) to settle matters concerning Motion to Modify Disposition.
() to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU, ████████████ ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 16th day of April, 2015.

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

_____
duly designated and sitting as a
Juvenile Court in said County.

**SCANNED**
_____

000025

## RETURN

Came to hand the _____ day of _____, 20___; at _____ o'clock ___.M. and executed the _____ day of _____. 20___; at _____ o'clock ___.M. by delivered/mailing to the within

named_____ at _____ in _____

County, Texas; in person, a true copy of this INSTRUMENT and tendering said witness the sum of

$_____.FEES-SUMMONS....._____    _____

MILAGE(_____)_____    _____

TITLE

TOTAL........................$_____

000026

# TAB 2
# (TWO)

# JUDGEMENTS/ ORDERS

NO. J-2790

| IN THE MATTER OF | X | IN THE COUNTY COURT AT LAW |
| | X | BASTROP COUNTY, TEXAS |
| ██████████ | X | SITTING AS A JUVENILE COURT |

## ADJUDICATION HEARING JUDGEMENT

ON THIS the _14_ day of _June_____, 2012, A.D., in this Court sitting as a Juvenile Court, there was called a hearing for consideration of the matters in the above styled and numbered cause, wherein by proper petition the said ███████ is alleged to have engaged in CONDUCT INDICATING A NEED FOR SUPERVISION.

The Court finds that said child was born on the 7th day of June, 1999, A.D.,

And after due notice had been served on all parties for the time required by law, came and appeared the petitioner by its Attorney and announced ready for such hearing. And thereupon also came the child, who appeared in person, with his attorney, Forest Sanderson (appointed) also being present, with his mother, Camilla Brown Lawrence, also being present; and the child and his attorney having waived the ten (10) days for preparation for such hearing, and the right to a trial by jury, in writing; and all parties announced ready for such hearing; and thereupon the Court after hearing the pleadings of all the parties and after hearing the evidence and closing argument of counsel, finds beyond a reasonable doubt that the following allegations in the petition filed hearing are true and supported by the evidence, to wit:

## CHARGES OF CONDUCT INDICATING A NEED FOR SUPERVISION

### Count One:

That on or about the 5th day of March, 2012 in the County of Bastrop, State of Texas, ██████████; hereinafter called respondent, did then and there intentionally or knowingly cause the penetration of the mouth of ██████ a pseudonym, a child who was then and there younger than fourteen years of age, by the respondent's sexual organ.

### Count Two:

That on or about the 5th day of March, 2012 in the County of Bastrop, State of Texas, ██████████ hereinafter called respondent, did then and there intentionally or knowingly cause the penetration of the mouth of ██████ a pseudonym, a child who was then and there younger than fourteen years of age, by the respondent's sexual organ.

IT IS THEREFORE CONSIDERED AND ADJUDGED BY THE COURT THAT ███████ has engaged in conduct indicating a need for supervision within the meaning of Section 51.03, Title 3 of the Texas Family Code, and is so adjudged.

Furthermore, said child is ordered to comply with the below statements, when checked, and when the adjudication of delinquent conduct included a violation of a penal law of the grade of felony or a jailable misdemeanor:

( ) Affix your thumbprint with ink in the space provided on this Order.

( ) Submit to the taking of a recent photograph of yourself to be attached to this Order

FILED 9:40 M
DATE ██████ 6/14/12
Sarah Loucks
District Clerk, Bastrop County

R: 09/2004                                                Adjudication Hearing Judgement.dot

11

000001

NO. J-2790

IN THE MATTER OF      X     IN THE <u>COUNTY COURT AT LAW</u>

     X     <u>BASTROP</u> COUNTY, TEXAS

████████████      X     SITTING AS A JUVENILE COURT

## NUNC PRO TUNC
## ORDER REVOKING PROBATION

ON THIS the 28th day of <u>April</u>, A.D., 2015, came on to be heard the written petition of the State of Texas by and through its <u>assistant district</u> attorney of <u>Bastrop</u> County, Texas, for revocation of the probation heretofore granted by this Court in this cause on the 14th day of <u>June</u>, A.D., 20<u>12</u>, wherein the said ████████████ as declared to have engaged in delinquent conduct/conduct indicating a need for supervision. The said child was placed under the jurisdiction of this Court and under its care, guidance, and control; the said child was placed on probation; and the reasonable and lawful terms and conditions of said probation which were determined by the Court among other things provided:

1. Commit no offense against any law of the United States or any City, County, State or political subdivision thereof.

2. Report to your probation officer as requested <u>at least once a month</u>.

3. Permit the probation officer to visit you at home or elsewhere without restriction, reluctance, or delay.

4. Remain in <u>Bastrop</u> County, and receive prior permission from the probation office to leave the county, unless you are in the company of your parent/guardian. Receive permission from this Court    prior to a change of residence or a leave from Texas.

5. Submit to urinalysis for assessment of substance abuse as directed by the juvenile probation office.

6. Do not associate with:
    a.     persons, adult or juvenile, on probation or parole;
    b.     the victim(s) of the offense(s) committed by you;
    c.     the co-defendant(s) of the offense(s) committed by you;
    d.     persons who associate with, or, persons who are members of a gang;
    e.     persons who use or sell drugs;
    f.     anyone not approved by your parent/guardian and the probation officer;
    g.     and specifically:_____

7. Abstain from the use of and do not possess alcoholic beverages, intoxicating substances, or drugs (unless used with your doctor's prescription).

8. Attend school regularly as scheduled, Obey all school rules and regulations and promptly report class absences to the probation office.

9. Pay Court appointed attorney fee $250.00 to the <u>Bastrop County Juvenile Probation Department</u> of <u>Bastrop</u>, County, Texas, by <u>January 23, 2016</u>. Payments in the amount of $25.00.

10. Pay court cost of $<u>20.00</u> this date to the <u>District Clerk</u> of <u>Bastrop</u> County, Texas.

11. Pay $ <u>15.00</u> a month as a probation supervision fee by the 10th day of each month to the Probation Office of <u>Bastrop</u> County, Texas.

12. Satisfactorily perform <u>Seventy-five (75)</u> hours of personal services to the community by <u>January 23, 2016</u>, as directed by the juvenile probation office.

13. Participate, cooperate and complete the educational intervention programs approved by the Juvenile Court as directed by the Juvenile Probation Office.

14. Compose an acceptable letter of apology to the victim(s) and present it to my probation officer for the purpose of mailing.

15. Your drivers license may be suspended or issuance of a license denied should the Court find you in violation of a condition of probation.

16. Reimburse $10.00 to the probation office in Bastrop County, Texas to defray the cost of processing each positive urinalysis test.

**SCANNED**

FILED_____M
DATE_____-15
Sarah Loucks
District Clerk, Bastrop County

R: 01/2012

62

000002

17.    Do not possess any guns, knives, or any weapons of any kind.

18.    If applicable, submit to DNA testing as directed by the Juvenile Probation Department.

19.    Attend, participate and complete the residential adolescent program at Pegasus School, INC.,

## ADJUDICATED SEX OFFENDER REQUIRMENTS:

1.    Attend counseling provided by a registered sex offender treatment provider.
2.    Submit to polygraph examinations if requested.
3.    Register as a sex offender as established by Chapter 62, Code of Criminal Procedure, Sex Offender Registration Program within ten days.
4.    Do not have contact with any person under the age of 10, without supervision of a responsible adult.
5.    Parent is responsible for any and all fees incurred for Sex Offender Counseling and required by Chapter 62, Code of Criminal Procedure.
6.    Submit to blood sample of other specimen to the Department of Public Safety as required by Chapter 62, Code of Criminal Procedure.
7.    Do not view or possess any materials that would be considered pornographic.
8.    Apply for and obtain a driver's license or identification card from the DPS within thirty days of this order as required by Article 62.065, Cod of Criminal Procedure.

and the Court having heard the evidence offered by the State of Texas and having considered the same finds that within the period of said probation the child violated the terms and conditions thereof in the following particulars, to-wit:

19.    Attend, participate and complete the residential adolescent program at Pegasus School, INC., .

    A.        was unsuccessfully discharged from Pegasus (04/13/15. .

And that the said violation of the conditions of his probation as aforesaid were committed while the said probation was in full force and effect.

The Court finds it is in the community's and the child's best interest for the Respondent to be placed outside his home for the following reasons:

a.    To deter any further anti-social conduct.
b.    To establish proper supervision for the Child.
c.    For the protection and the well-being of the Child and the community.
d.    Child needs to be held accountable for his offenses.

*The Court finds the following reasonable efforts have been made to prevent or eliminate the need for the child to be removed from his home and to make it possible for the child to return to his home:

1.    Attend participate and complete the Residential Adolescent Sex Offender Program at Pegasus
2.    Electronic Monitoring
3.    Cen-Tex Anger Management Program provided by Dr. Jill Flores
4.    Outpatient Sex Offender Counseling with John Morris LSOTP

R: 01/2012

The court further finds that the child is in need of rehabilitation, and that the protection of the public and the child requires that disposition be made. The court also finds that the best interest of the child and the best interest of society will be served by placing the child outside his home and committing the child to the care, custody and control of the Texas Juvenile Justice Department, for the following reasons:

a. To deter any further anti-social conduct.
b. To establish proper supervision for the Child.
c. For the protection and the well-being of the Child and the community.
d. Child needs to be held accountable for his offenses.

The Court finds the child, in the child's home, cannot be provided the quality of care and level of support and supervision that the child needs to meet the conditions to reside in a community or residential facility. The court finds that the child has been removed from his home and the Court approves the removal.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT THE PROBATION heretofore granted to the child in this cause is hereby revoked; that the finding of delinquent conduct heretofore made in this cause is made final. The said child ████████ is hereby committed to the care, custody and control of the Texas Juvenile Justice Department in accordance with Human Resources Code, Chapter 61. The child is ordered placed in custody of the County Juvenile Probation Department pending transportation to the proper Texas Juvenile Justice Department facility.

The Court finds that Camilla (Blossum) Lawrence the mother responsible for supporting ████████ After notice, Camilla (Blossum) Lawrence given reasonable opportunity to be heard concerning her ability to pay for the support of while ████████ is committed to the Texas Juvenile Justice Department.

The Court finds Camilla (Blossum) Lawrence is able to make payments for the support of ████████ It is ordered that Camilla Lawrence make payment to the Texas Juvenile Justice Department for deposit to the General Revenue fund for the support of ████████ in the amount of $20.00 on the first day of each month while ████████ is committed to the Texas Juvenile Justice Department.

The Court acknowledges outstanding fees in the following amounts:

| | |
|---|---|
| Supervision | $ 0.00 |
| Restitution | $ 0.00 |
| Attorney | $ 0.00 |

The Court hereby waives said fees, 0.00.

The Court further acknowledges incomplete community service restitution in the amount of 0 hours. The Court hereby waives these hours.

The Court finds ████████ has the following educational needs:

Child must continue his education at the Texas Juvenile Justice Department.

R: 01/2012

64

The disposition ordered herein addresses ████████ educational needs in the following manner:
*Child must continue his education at Texas Juvenile Justice Department*

The Clerk of the Court will furnish the child a copy of this order taking his/her receipt therefore.

SIGNED AND ENTERED ON THIS THE 28th day of April, 2015 A.D.

Judge County Court at Law
Bastrop County, Texas
Duly Designed and Sitting as a Juvenile Court
in said County

On entry of the above and foregoing Order, the Court notified the child and his/her parent or guardian of the child's right to appeal, of the child's right to representation by counsel on appeal and of the child's right to appointment of an attorney for appeal if an attorney cannot be obtained because of indigency, and the Court instructed the attorney for the child to advise the child and his parent, guardian, or guardian ad litem of the child's right to appeal, of the child's right to appointment of an attorney for appeal if an attorney cannot be obtained because of indigence. The attorney was further instructed that if the child, and his parent, guardian, or guardian ad litem expressed a desire to appeal, the attorney shall file a notice of appeal with this Court and inform this Court whether or not he will handle the appeal.

Juvenile Court Judge

On this the 28th day of April, 2015, A.D., a true, correct and complete copy of the above and foregoing Order Revoking Probation (including any instrument attached thereto) was furnished to the child.

Juvenile Court Clerk

FILED ___ M
DATE ____ 15
Sarah Loucks
District Clerk, Bastrop County

R: 01/2012

65

# TAB 3

# (THREE)

# TX FAMILY CODE 53.06

Vernon's Texas Statutes and Codes Annotated
  Family Code (Refs & Annos)
    Title 3. Juvenile Justice Code (Refs & Annos)
      Chapter 53. Proceedings Prior to Judicial Proceedings

V.T.C.A., Family Code § 53.06

§ 53.06. Summons

Currentness

(a) The juvenile court shall direct issuance of a summons to:

(1) the child named in the petition;

(2) the child's parent, guardian, or custodian;

(3) the child's guardian ad litem; and

(4) any other person who appears to the court to be a proper or necessary party to the proceeding.

(b) The summons must require the persons served to appear before the court at the time set to answer the allegations of the petition. A copy of the petition must accompany the summons.

(c) The court may endorse on the summons an order directing the person having the physical custody or control of the child to bring the child to the hearing. A person who violates an order entered under this subsection may be proceeded against under Section 53.08 or 54.07 of this code.

(d) If it appears from an affidavit filed or from sworn testimony before the court that immediate detention of the child is warranted under Section 53.02(b) of this code, the court may endorse on the summons an order that a law-enforcement officer shall serve the summons and shall immediately take the child into custody and bring him before the court.

(e) A party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing.

**Credits**
Acts 1973, 63rd Leg., p. 1460, ch. 544, § 1, eff. Sept. 1, 1973. Amended by Acts 1995, 74th Leg., ch. 262, § 29, eff. Jan. 1, 1996.

Notes of Decisions (96)

V. T. C. A., Family Code § 53.06, TX FAMILY § 53.06

Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.

# TAB 4
# (FOUR)

# OMITTED SUMMONS FOR
# JAMES PERTOLANITZ





S-17-12  1:4___pm

**SERVED**

CAUSE NO. J-2790

IN THE MATTER OF                *       IN THE JUVENILE

                                *       COURT OF

A CHILD                       *       BASTROP COUNTY, TEXAS

SUMMONS AND NOTICE TO SHOW CAUSE

TO ANY PEACE OFFICER IN THE STATE OF TEXAS--GREETINGS: YOU ARE HEREBY COMMANDED TO SUMMON:

JAMES PERTOLANITZ

TO APPEAR IN PERSON before the Honorable Juvenile Court of Bastrop County, Texas, Second Floor of Bastrop County Courthouse, in the City of Bastrop, Texas, on the **June 05, 2012, at 8:30 o'clock A.M.;** THEN AND THERE to answer the allegations of the Original Petition/Motion to Transfer filed and attached hereto in which said child aforesaid

(X) is alleged to have engaged in delinquent conduct/conduct indicating a need for supervision;
() is alleged to have violated the Court's considerations of Probation and
     this hearing is to determine whether above named child should be committed to the Texas Youth Commission.
() to settle matters concerning an order of Restitution.
() to settle matters concerning Motion to Modify Disposition.
() to settle matters concerning the Disposition.

A copy of said petition is attached hereto. FURTHER if restitution or child support is requested in this case you are commanded to appear in order to show cause why you should not be ordered to make restitution pursuant to Family Code Sect. 54.041 to the above victim(s) in the aforesaid offense(s) listed within said Petition or pay child support, if applicable.

Each parent of a child, each managing and possessory conservator of a child, each court appointed custodian of a child, and a guardian of the person of a child is required to attend the hearing in accordance with Section 51.115(a) of the Texas Family Code. A person who receives the notice of the hearing, and who fails to attend the hearing may be punished by the Court for contempt by a fine of not less than $ 100.00 and not more than $1000.00. In addition to or in lieu of contempt, the Court may order the person to receive counseling or to attend an educational course on the duties and responsibilities of parents and skills and techniques in raising children.

YOU, JAMES PERTOLANITZ, ARE HEREBY ORDERED to bring, as set forth in this Summons, the child in this above entitled cause number to the hearing as the petition alleges the child engaged in delinquent conduct/conduct indicating a need for supervision. A person who violates this order may be proceeded against by the issuance of a writ of attachment or contempt proceedings as set forth in Section 53.08 and 54.07 of the Texas Family Code.

HEREIN FAIL NOT, but make due return of this writ. WITNESS BY SIGNATURE AND OFFICIAL SEAL, on this the on this the 16th day of May, 2012.     *Spoke w/on phone + wife at house -*

SARAH LOUCKS, DISTRICT CLERK
BASTROP COUNTY, TEXAS

*[signature]*

duly designated and sitting as a
Juvenile Court in said County.

FILED 11:30 AM
DATE 5-18-12
Sarah Loucks
District Clerk, Bastrop County

000001

*P./7o Pc*

RETURN

Came to hand the __17__ day of __May__, 20_12_; at _12:05_ o'clock _P_.M. and executed the __17__ day of __May__. 20_1__; at _1:47_ o'clock _P_.M. by delivered/mailing to the within ████████ named _James Pertolanitz _____ at_ ████████ in ████████ County, Texas; in person, a true copy of this INSTRUMENT and tendering said witness the sum of

$_____.FEES-SUMMONS....._____        _____

MILAGE(_____)_____        _____    **Terry Pickering, Sheriff**
                    TITLE                        **Bastrop County, Texas**
                                                 By _Darlene Crowley_

TOTAL......................$_____

Spoke w/ nephew & wife at house.

000002